IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-298-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRAVIS BROCK BYRD, | ) | |
| | ) | |
| Defendant. | ) | |

On November 21, 2011, Travis Brock Byrd ("Byrd") filed a motion to reduce his sentence of 168 months' imprisonment under 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 of the Sentencing Guidelines. See [D.E. 35]. The government opposes the request and contends that this court lacks the authority to grant the requested relief. See [D.E. 39]. As explained below, the court denies Byrd's motion to reduce his sentence.

On January 8, 2007, Byrd pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base (crack), and more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. See [D.E. 1, 7, 9]. On July 10, 2007, this court held Byrd's sentencing hearing [D.E. 24]. At the hearing, the court determined Byrd's criminal history category to be I and his base offense level to be 38. See [D.E. 28] 10. After factoring in a 2-level increase for possession of a firearm and a 3-level reduction for acceptance of responsibility, the court determined Byrd's total offense level to be 37. See id. The court calculated Byrd's advisory Guidelines range to be 210 to 262 months' imprisonment, and sentenced Byrd to 210 months' imprisonment. See id. 10, 17; [D.E. 25] 2.

On March 3, 2008, and July 9, 2008, Byrd filed motions to reduce his sentence under 18 U.S.C. § 3582(c) and Amendment 706 of the Guidelines [D.E. 27, 29]. On September 11, 2009, the

court reduced Byrd's sentence to 168 months' imprisonment. See [D.E. 33] 1. In so doing, the court amended Byrd's base offense level to 36, his total offense level to 35, and his advisory Guidelines range to 168 to 210 months' imprisonment. See id. Byrd now seeks another sentence reduction under Amendments 750 and 759. See [D.E. 35].

The United States Sentencing Commission promulgated Amendment 750 to implement the Fair Sentencing Act of 2010. See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 750 (Nov. 2011) (effective Nov. 1, 2011). This three-part amendment (A, B & C) repromulgated as permanent the temporary emergency Amendment 748. See United States Sentencing Commission, Supplement to 2010 Guidelines Manual (Oct. 2010) (effective Nov. 1, 2010). On June 30, 2011, the Commission promulgated Amendment 759, which added Parts A and C of Amendment 750 as amendments listed in U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of an Amended Guideline Range) (Policy Statement). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 759 (Nov. 2011) (effective Nov. 1, 2011). When applicable, Parts A and C of Amendment 750 apply retroactively. See id. Part A contains the changes to the crack cocaine quantity levels in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Amend. 750. Part C deletes the cross reference in U.S.S.G. § 2D2.1 to the Drug Quantity Table to reflect the elimination of the statutory minimum for simple possession of crack cocaine. See id. The Commission made Amendments 750 and 759 effective on November 1, 2011.

As the government correctly explains, applying Amendment 750 to Byrd does not alter his advisory Guidelines range. See [D.E. 39] 3. Under the current Guidelines, the total marijuana equivalency attributable to Byrd still supports a base offense level of 36.[1] Accordingly, Byrd's

---

[1] Byrd was accountable for distributing 4.08 kilograms of cocaine base (crack), 18.29 kilograms of cocaine, and 272.16 kilograms of marijuana, which yield a total marijuana equivalency of 18,499.84 kilograms under the current Guidelines. See PSR ¶ 33; U.S.S.G. § 2D1.1 cmt. n.8(D).

2

advisory Guidelines range remains 168 to 210 months' imprisonment. Byrd thus cannot obtain relief under section 3582(c). See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("Together, [section] 3582(c)(2) and the Policy Statement make clear that a defendant whose offense of conviction involved crack is eligible for a reduced sentence only if Amendment [750] lowers the defendant's applicable guideline range.") (emphasis added).

Alternatively, even if Byrd were eligible for relief under section 3582(c)(2) and Amendments 750 and 759, the court would decline to exercise its discretion to reduce his sentence. See, e.g., United States v. Perez, No. 13-6750, 2013 WL 3889216, at *1 (4th Cir. July 30, 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 196–97 (4th Cir. 2013). Having reviewed the entire record, the court determines that Byrd received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See Perez, 2013 WL 3889216, at *1.

In sum, Byrd's motion for a sentence reduction under 18 U.S.C. § 3582(c) [D.E. 35] is DENIED. The clerk shall close the case.

SO ORDERED. This 12 day of November 2013.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:06-cr-00298-D   Document 41   Filed 11/12/13   Page 3 of 3